(No. 32027.—

ANITE C. BREEN *et al.*, Appellants, *vs.* MARIE K. BREEN *et al.*, Appellees.

*Opinion filed January 24, 1952.*

DAVID H. KRAFT, BARNEY PADNOS, and A. C. KNUTSON, all of Chicago, for appellants.

WALTER E. Moss, and RAYMOND H. GROBLE, JR., both of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Three of the four beneficiaries under an *inter vivos* trust of real estate brought a suit in the superior court of Cook County against the remaining beneficiary, seeking

partition of the premises. The trustee and the holder of a mortgage on the property were made parties defendant. The cause was referred to a master, who heard the evidence and recommended a decree for partition. Exceptions to his report were sustained by the court, and a decree was entered dismissing the complaint and taxing costs against the plaintiffs. The latter appeal to this court, contending that the superior court erred in holding their interest to be personal property not subject to partition, and in taxing costs against them.

The *corpus* of the trust consists of an apartment building, situated in Oak Park, Illinois, formerly owned by the parents of the principal parties herein. On February 1, 1927, they conveyed the property in trust pursuant to an agreement whereby the trustee was to manage it under the direction of the beneficiaries and divide the earnings, avails and proceeds among them, one fourth to each. It provides, in so far as is relevant herein, "that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property; * * * that no beneficiary now has, and that no beneficiary hereunder at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid." The agreement states, also, that the trustee shall convey or otherwise deal with the real estate only when directed by the beneficiaries; that the trustee shall not be obligated to act on any directions to convey unless at a price of $165,000 or more; and that the beneficiaries shall not sell, assign or transfer their interests during the existence of the trust except upon unanimous consent and

in no event for a sum less than $165,000. It further provides as follows: "If any property remains in this trust twenty years from this date it shall be sold at public sale by the trustee on reasonable notice, and the proceeds of the sale shall be divided among those who are entitled thereto under this trust agreement."

The real estate was not sold, and the present complaint was filed November 28, 1947, almost ten months after the twenty-year period had expired. In 1943 the defendant beneficiary herein had brought a suit for an accounting concerning the real estate, against the present plaintiffs and the trustee. It had not been prosecuted to a hearing, however, at the time the present suit was begun, and it was thereafter consolidated with the latter cause. The decree herein dismissed for want of equity the complaint in the accounting suit, and no appeal is sought from this portion of the decree. The reason stated by the trustee for his failure to sell the property in accordance with the provisions of the trust is the pendency of the accounting suit, which he alleges rendered him unable to give a clear title or obtain a title guaranty policy, thus making it useless to attempt a sale. In their brief defendants state that as the accounting suit has been disposed of, the trustee is now ready and willing to proceed in accordance with the duties prescribed by the trust agreement.

Defendants have moved to dismiss this appeal, contending no freehold is involved and this court, therefore, lacks jurisdiction. The position cannot be sustained. The law is well settled that a freehold is involved where title is so put in issue by the pleadings that the decision of the case necessarily involves a decision with respect to the ownership of the real estate. (*Ashton* v. *Macqueen*, 361 Ill. 132.) The plaintiffs alleged in their complaint that the term of the trust has expired; that the undivided right, title and interest in and to the real estate, both legal and equitable,

is now vested in the four beneficiaries; and that they are entitled to a partition. The question whether they were the owners of an undivided interest in the premises and entitled to partition was the principal issue presented to the court and decided by it. That the decision was adverse to plaintiff's contentions can have no bearing upon the matter. The test concerns the nature of the issue, not the truth or merit of the allegations. It is clear that we have jurisdiction in the review of partition cases involving real estate, and the appeal in the present case was properly prosecuted to this court.

To reverse the decree plaintiffs contend that the term of the trust has expired; that the trustee's powers of sale and administration thereupon ceased; that the interest of the beneficiaries, though defined as personalty under the trust instrument, was thereafter an equitable interest in land; and that they were then entitled to partition of the premises.

In his decree the chancellor found that under the terms of the trust there was an equitable conversion of the real estate into personal property; that no reconversion was shown; and that title was still vested in the trustee subject to an active trust. The right to partition in the plaintiffs was therefore denied and the complaint was dismissed and costs taxed against the plaintiffs. In doing so we think the chancellor was correct. A sale must now take place in any event. In practical effect, as applied to this particular property, it makes little difference whether the sale is one by the trustee or a partition, except as to who shall control the sale and exact the tolls. The case does, however, present an important and interesting question of the law of trusts and may have far-reaching effects in the application of such rules to trusts in similar situations and subject to the same conditions. The question is clear and simple, and it must be answered without equivocation.

The primary question in each such case involves a construction of the trust agreement pertaining to the duration of the trust. It is obvious that if the beneficiaries of this trust have any interest, legal or equitable, in the land itself, they have the right to maintain partition. But the trust agreement expressly provides that their interest shall be personal property and that at no time shall any beneficiary have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds. The settlor provided specifically for the duration of the trust to be the period of twenty years and then proceeded to give the trustee directions to sell the property if any property remained in the trust after the expiration of that time. This situation is readily distinguishable from that where there is no definite time stated for the duration of the trust or that where it is specifically provided that the trust shall terminate from and after a certain date or that where the trustee is required to sell prior to a definite termination date of the trust.

The rule is stated simply in Restatement, Trusts (1935) vol. II, sec. 334, as follows: "Where by the trust instrument it is provided that the trust is to terminate on the expiration of a certain period, the trust will not terminate on the expiration of the period if at that time the purposes of the trust have not been accomplished, and if the settlor manifested an intention that the trust should continue until the accomplishment of the purposes of the trust. In such a case the provision that the trust is to terminate on the expiration of the period is construed as being merely directory. Thus, where a trust is created for the purpose of selling the trust property and dividing the proceeds, and it is provided that the trust shall terminate in a year, and the trustee is unable to sell the property within the year, the trust does not necessarily terminate at the expiration

of the year, and the trustee may have power to sell the property after the expiration of the year." And, likewise, at section 344, (id.) it is stated: "By 'the time for the termination of the trust' is meant the time at which it becomes the duty of the trustee to wind up the trust. Ordinarily this time is at the expiration of the period for which the trust is created. * * * Although the time for the termination of the trust has arrived in accordance with the terms of the trust, the trustee does not thereby necessarily cease to be trustee, but he continues to be trustee until the trust is finally wound up. The period for winding up the trust is the period after the time for termination of the trust has arrived and before the trust is terminated by the distribution of the trust property. This period may properly be longer or shorter, depending upon the circumstances. Where the estate is large, where property not readily saleable has to be sold, where the ascertainment of the beneficiaries entitled to distribution or the amounts to which they are entitled is difficult, the period of winding up the trust may properly be longer than it would be in the absence of these circumstances.

"The powers and duties of the trustee in the winding up of the trust are similar to the powers and duties of the trustee in administering the trust, except so far as they are modified because of the fact that the trust is in process of termination. * * *

"When the time for terminating the trust has arrived the trustee can properly exercise such powers as are necessary or proper for winding up the trust. Thus, if by the terms of the trust the trustee is directed to convey the trust property to the beneficiary on the termination of the trust, he has power when the time for the termination of the trust has arrived to make the conveyance. If by the terms of the trust the trustee is directed to sell the trust property and to pay the proceeds on the termination of the

trust to the beneficiary, the trustee has power when the time for the termination of the trust has arrived to sell the property."

It is obvious that at the time this suit was instituted and under the circumstances shown here, the trust was yet an active one, the distribution remained to be made and the winding up of the trust effected. The trust involved only personal property and at best only equitable interests, not in the land itself, and the Statute of Uses did not execute it. Where the trustee is authorized to sell trust property for the purpose of distributing the proceeds on the termination of the trust, he is empowered to sell the property after the time for termination of the trust has arrived. (*Saros* v. *Carlson*, 244 Wis. 84, 11 N.W. 2d 676, citing Scott on Trusts, vol, 3, p. 1891, sec. 344.) Equity will give a trustee reasonable time to perform the duties which he has obligated himself to perform. Upon his failure to carry out and perform his duties as a trustee a court of equity will, upon proper application by those entitled to relief, take charge of the trust and the trustee and compel a winding up of the trust and a distribution to those entitled thereto. (See *Smith* v. *Kelley*, 387 Ill. 213.) We do not excuse the trustee for his failure to attempt a sale promptly upon the expiration of the twenty years and before the present suit was instituted. He attempts to explain it by stating that he could not obtain a guaranty title policy because of the pendency of the accounting suit and later by the pendency of the present action. The appellees also complain that the books and records had been turned over to the appellants and that they had failed to return them so that an accounting could be made. However, as above stated, the courts were open to the plaintiffs to compel a sale upon proper application to the court and the immediate failure to proceed to sale does not work a reconversion of the property giving them. an equitable interest entitling them to partition. *Aronson* v. *Olsen*, 348 Ill. 26.

Appellants rely heavily upon the case of *Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121, but in that case the trust agreement provided: "but such sale shall, in all events, be held not later than August 15, 1939, and neither the Committee nor any other person shall have any power to continue or postpone said sale beyond that date." We there held the provision was mandatory that the property must be sold by the date specified and could not be sold at a later date. This *Yedor case* was adequately distinguished in a recent expression by this court on this subject in the case of *Plast* v. *Metropolitan Trust Co.* 401 Ill. 302, wherein we upheld an exchange of securities in a trust as a "sale," accomplished within the life of the trust.

We conclude the plaintiffs had no right, either legal or equitable, to the real estate in question at the time the suit was instituted and therefore the right to partition was properly denied. We hold further, that under the terms of this trust agreement the power of sale became imperative upon the expiration of the twenty-year period. The accounting suit has been dismissed and from that portion of the decree no appeal has been taken and the trustee is now in a position, and has stated his willingness, to proceed promptly with the sale in accordance with the terms of the trust agreement. This he should immediately do, lest a reasonable time shall have expired giving rise to adequate cause for his removal. If the settlor or the court directs the trustee to sell, and thus the power becomes mandatory, the court will order the trustee to use his power or will hold him in damages for failure to employ it. Bogert, Trusts and Trustees, vol. 3, sec. 741.

The plaintiffs having no right to partition at the time suit was instituted, the decree of the chancellor was correct and costs were properly assessed against the plaintiffs, and the decree of the superior court of Cook County is therefore affirmed.

*Decree affirmed.*