(No. 33840—

GEORGE R. McCARTNEY, Appellee, *vs.* J. HENRY McCARTNEY, Appellant.

*Opinion filed May 23, 1956.*

FRANK RYAN, and WELSH and WELSH, both of Rockford, (R. T. WELSH, of counsel,) for appellant.

SHULTZ, FAHY & STREET, and FOLTZ, HAYE & KEEGAN, both of Rockford, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

George McCartney brought suit against his brother Henry in the circuit court of Winnebago County, seeking to establish a constructive trust in certain parcels of real estate and an accounting for rents and profits. A hearing was had before the chancellor, and a decree was entered directing defendant to convey an undivided one-half interest in each of two parcels to the plaintiff, and to account for rents and profits. Defendant appeals direct to this court, a freehold being involved.

Plaintiff is 65 years of age, and defendant is ten years younger. Prior to their father's death on July 21, 1934, Parcel 1 was owned by the parents in joint tenancy, and Parcel 2 was held by the father as sole owner. He left a

purported will, but it was never offered for probate. The mother survived until 1949. About a month after the father's death she conveyed Parcel 1 to plaintiff and defendant as joint tenants. On March 8, 1935, defendant conveyed his interests in both parcels to plaintiff, apparently for the purpose of defeating the rights of his creditors. By deeds dated December 30 1935, title to both parcels was purportedly conveyed by plaintiff to defendant. The circumstances of this conveyance constitute the subject of dispute in this case. The chancellor found that the deeds were made with intention to restore the former title, whereby each owned an undivided one-half. Defendant takes the position that the evidence is insufficient to overcome the presumption arising from the face of the deeds, and that the suit is barred by *laches*. In addition, he contends that the plaintiff was improperly allowed to amend the complaint so as to introduce a different theory of recovery, and that the complaint as amended fails to state a cause of action.

The procedural objections will be considered first. The original complaint contained two counts. Count I alleged that defendant had managed the present properties and others owned by members of the family, collecting rents and making repairs therein; that on or about December 30, 1935, defendant represented to plaintiff that for the purpose of prospective sales of other property in which the latter had an interest it would be more convenient if title to such property were in defendant; that he presented several blank forms of deed and asked plaintiff to sign them for this purpose; that relying on the intended use of the proposed deed forms plaintiff signed them; and that defendant later inserted descriptions of the present property, added his own name as grantee, caused purported acknowledgments to appear thereon, and placed the deeds on record. Plaintiff prayed that he "be decreed to be the owner of an undivided one-half interest;" and that he have

an accounting and such other and further relief as to the court should seem meet. Count II incorporated substantially the foregoing allegations of Count I, and prayed that the deeds be declared void.

Count III, added by amendment after the evidence was heard, alleged that the purpose of the deeds of December 30, 1935, was to place title "in the same position as it was prior to the execution of the deeds" of March 8, 1935; and prayed that defendant be ordered to convey an undivided one-half interest to plaintiff. The court by its decree dismissed Counts I and II for want of equity, and purported to declare title in both parties as tenants in common, in accordance with the prayer of Count III. Jurisdiction was reserved for the purpose of an accounting for rents and profits.

Defendant complains that the allegations of Count III not only fail to state a cause of action but are unsupported by any proof. We agree. The material paragraphs thereof allege merely that the "purpose" of the conveyance by plaintiff to defendant was to restore title to its former "position." There are no allegations therein of mistake, fraud, undue influence, or other recognized ground for relief, nor has plaintiff pointed to any evidence to support the ground attempted to be alleged. To the end that justice may be done, courts are liberal in the allowance of amendments conforming the pleadings to the proof, but their materiality to the evidence already introduced must be apparent. *McGlaughlin* v. *Pickerel,* 381 Ill. 574, 582-583.

Defendant's contention that the evidence is insufficient to warrant relief cannot be sustained, however. The record discloses a relationship of trust and confidence by plaintiff in defendant, and a reliance upon the latter in the management of his business affairs. In 1916 plaintiff moved away, defendant remaining at home with the father and mother. Defendant was engaged in the occupation of "real estate sales and maintenance of rental property," and also built

houses for sale. Plaintiff was employed as a factory worker, but at various times was hired by defendant to do work on some of the properties. Defendant also prepared plaintiff's income tax returns, which plaintiff would sign without knowledge of the contents. Shortly after the father's death in 1934 the mother conveyed Parcel 1 to plaintiff and defendant as joint tenants, and defendant prepared a deed purporting to convey Parcel 2 to himself and Henry as joint tenants. The mother signed this deed also, and the parties to this litigation forged their father's "signature" to it. An arrangement was then made whereby defendant managed the properties and used the income for the care and maintenance of the mother until her death. The family relations continued to be friendly and harmonious until 1953, when plaintiff asked that a "settlement" be made, defendant replied he had nothing coming, and hostility developed between the brothers.

With respect to the transaction of December 30, 1935, the plaintiff testified that defendant handed him five blank deeds and told him to sign them; that "they were supposedly to be put on five vacant lots on Bayliss Avenue, so those could be disposed of;" that plaintiff signed them; and that he never authorized defendant to insert descriptions of the properties involved in this suit. A handwriting expert testified that more than one typewriter had been used in preparing the deeds, and that the grantee's name had been typed with a machine owned by defendant. Defendant testified that at the time of the March 8 conveyances to the plaintiff it was agreed "he would transfer the property back to me with the understanding that I was to maintain and care for mother through her lifetime;" that plaintiff signed the deeds of December 30 "after they were made out;" and that he delivered them to defendant in April, 1936, when defendant and his mother returned from a trip to California. It is not contended that there was any other consideration for the deeds. An attorney re-

tained by defendant prepared them, at least in part, and certified to the acknowledgment. He testified he could not remember whether he had ever seen the plaintiff.

There is no evidence to support the chancellor's finding that the deeds of December 30 were made with intention to restore title to its status prior to the deeds of March 8. We think, however, the record clearly shows that the deeds resulted from presumptive fraud, if not from actual fraud. A fiduciary or confidential relationship exists where, by reason of friendship, agency, business association and experience, trust and confidence are reposed by one person in another who, as a result, gains an influence and superiority over him. (*Steinmetz* v. *Kern,* 375 Ill. 616.) The relation does not arise merely from the fact that the dominant party is a brother but depends upon all the facts and circumstances of the particular case. (*Bremer* v. *Bremer,* 411 Ill. 454; *Clark* v. *Clark,* 398 Ill. 592.) Factors to be considered, however, include the degree of kinship, as well as disparity in age and business experience, and the extent to which the allegedly servient party entrusts the handling of his affairs to the other. (*Kester* v. *Crilly,* 405 Ill. 425.) The evidence in the case at bar shows that plaintiff relied on defendant in the handling of his affairs and reposed confidence in the latter. Under these circumstances the mere existence of the relationship prohibits the party trusted from obtaining benefit or gain at the expense of the other, and a constructive trust arises in property conveyed to him where some fraud or advantage is taken in the procurement of the conveyance. (*Miethe* v. *Miethe,* 410 Ill. 226.) When the existence of the relation has been established the fraud is presumed; and while the presumption may be rebutted by proof that the dominant party has exercised good faith and not betrayed the confidence reposed in him, the burden rests upon him to produce such evidence. (*Clark* v. *Clark,* 398 Ill. 592.) Defendant has totally failed to satisfy this burden in the case at bar.

The evidence is also sufficient to show actual fraud. Plaintiff's version of the transaction is controverted only by defendant's testimony that "it was agreed that he would transfer the property back to me with the understanding that I was to maintain and care for mother through her lifetime." No corroboration of such an agreement is found in the record, and defendant, in his brief, places little emphasis upon it. His principal argument is that "The legal presumption is that the deeds are what the instruments purport to be" and that "the burden is on the Plaintiff to prove by proper evidence that full title was not conveyed."

Defendant's contention that the suit is barred by *laches* is not sustained by the evidence. Defendant did not record the deeds until October 5, 1948, and November 17, 1953, respectively, and there is evidence it was not until the latter year that plaintiff discovered they had been filled in with the present descriptions. There are no fixed rules to determine what constitutes *laches*. Its existence depends upon whether, under the circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to institute proceedings earlier. (*Rizzo* v. *Rizzo*, 3 Ill.2d 291, 303.) Mere delay will not bar relief where the injured party was ignorant of the fraud and filed his complaint within a reasonable time after acquiring knowlededg of it. (*Bremer* v. *Bremer*, 411 Ill. 454, 468.) While it is no doubt more difficult after this lapse of time to ascertain what transpired at the date of the conveyances, there is no indication that defendant has been prejudiced by the delay or has changed his position in reliance on plaintiff's failure to take action at an earlier time.

Plaintiff does not contend he is entitled in equity to the properties as sole owner, but insists the circuit court properly decreed him to be the owner of an undivided one-half. While the chancellor erred in finding an intention to restore title to its former position, in dismissing Counts I and II,

and in granting leave to amend by adding Count III, he correctly found plaintiff to be entitled to an undivided one-half interest and correctly ordered defendant to convey such interest and to account for rents and profits. The cause is therefore remanded with directions to enter a decree in accordance with the views stated herein.

*Affirmed and remanded, with directions.*