JUDITH D. WOLFE, Plaintiff-Appellant, *v.* JAMES E. WOLFE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-1011

Opinion filed February 14, 1980.

834

Irving Lewis, of Chicago, for appellant.

James E. Wolfe, of Chicago, for appellees, *pro se.*

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Judith D. Wolfe, appeals from an order of the circuit court of Cook County dismissing her third amended complaint. The underlying dispute concerns real estate held in a land trust naming the defendant, James Wolfe and Judith Wolfe as joint tenant beneficiaries. James Wolfe exercised his sole power of direction to convey the trust assets into new trusts, the beneficial interests to which were vested in James and another defendant, his sister, Margaret Wolfe.

In the first count of the amended complaint the plaintiff seeks the declaration of a constructive trust in her favor with respect to those new trusts. The American National Bank and Trust Company of Chicago (American National) as trustee, and the Winnetka Bank, as trustee, are also defendants in count I. In a second count, directed against James and Margaret Wolfe only, the plaintiff seeks an accounting of the profits and benefits of the real estate which was the res of the original trust. In a third count she seeks compensation for damages sustained by her as a result of the defendants' alleged wrongful acts.

On appeal, the plaintiff argues each count of her third amended complaint states a valid cause of action.

Judith and James Wolfe were married in March of 1965. The marriage was subsequently annulled. See *Wolfe v. Wolfe* (1978), 62 Ill. App. 3d 498, 378 N.E.2d 1181, *aff'd* (1979), 76 Ill. 2d 92, 389 N.E.2d 1143.

The complaint alleges that in 1965, Judith and James Wolfe created a land trust with American National as trustee. The trust res, which originally consisted of a single parcel of land, was supplemented with additional real estate the following year. The original real estate was

conveyed to American National by a deed signed by both James and Judith Wolfe on April 21, 1965.

The beneficiaries of the land trust were described as James Wolfe and Judith Wolfe "his wife, as joint tenants with the right of survivorship and not as tenants in common." The trust agreement provided that Judith Wolfe and James Wolfe were entitled to all of the earnings, avails and proceeds of the real estate "according to their respective interests" therein set forth. It also provided that American National, as trustee, would make deeds or otherwise deal with the trust estate on the written direction of James Wolfe. Judith Wolfe was not given a similar "power of direction" although the document provides that the trustee would perform the same acts "on the written direction of such person or persons as may be beneficiary or beneficiaries at the time * * *." In other words, James Wolfe and Judith Wolfe jointly, or James Wolfe alone, could direct the trustee in its dealings with the real estate.

In April of 1966, James Wolfe and Judith Wolfe assigned one-eighth of the beneficial interest in the trust to Margaret Wolfe, James Wolfe's sister. In July of 1966, the three beneficiaries directed the trustee to execute a mortgage for $70,000 to Winnetka Bank as trustee, payment of which each of them personally guaranteed. In October of 1971, the three beneficiaries assigned their beneficial interests to the Winnetka Bank as collateral for a loan.

On January 18, 1974, American National, pursuant to directions from James Wolfe and the Winnetka Bank, executed and delivered a trustee's deed to Margaret Wolfe, conveying to her the entire res of the land trust. On the same day, Margaret Wolfe conveyed the real estate to two new trusts with American National as trustee. In one of the new trusts James Wolfe and Margaret Wolfe shared the beneficial interest; in the other, James Wolfe alone held the beneficial interest. James Wolfe held the power of direction in both of the new trusts.

In addition to these facts, the complaint also alleges that Judith Wolfe reposed trust and confidence in James Wolfe and the Winnetka Bank and had no reason to believe that they would act unlawfully or other than as proper fiduciaries in respect to her interest as beneficiary of the original trust.

The complaint further alleges that these conveyances were a fraud upon the property rights of the plaintiff and were made without value or consideration; that the conveyances effected a wrongful conversion of the plaintiff's interest in the real estate; and, finally, that the plaintiff has "contributed funds toward the acquisition of said real estate or a part thereof or of the improvements or a part thereof and rendered valuable services in the operation of the rental units."

James Wolfe and Margaret Wolfe moved to strike and dismiss the complaint. Their motion alleged that the complaint was insufficient to state a cause of action in fraud because there is no allegation of any improper action on the part of the defendants. They contend that because James Wolfe possessed the sole power of direction he could deal with the trust res "in any manner he so desired." The motion also alleges that the complaint was filed in violation of an order of the divorce division which precluded anything being done to affect the status quo of the property. ■■ An action should not be dismissed for failure to state a cause of action or for insufficiency at law unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to relief. ((*Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186.) James Wolfe submits in his brief that Judith Wolfe in fact made no contribution of funds toward the acquisition of the real estate and that the property which is the subject of the trust was purchased by him in May, 1963, before the parties were married. Because a motion to dismiss admits all facts well pleaded (*Country Mutual Insurance Co. v. Drendel* (1969), 116 Ill. App. 2d 466, 252 N.E.2d 757), we cannot take cognizance of these assertions which are not contained in Judith Wolfe's complaint.

The first issue on appeal is whether count I of the complaint alleges facts which would justify the imposition of a constructive trust. The plaintiff argues James Wolfe, as beneficiary and holder of the power of direction of the trust, was required to act in a fiduciary capacity towards her in her status as co-beneficiary.

■■ "A constructive trust arises when advantage is taken of a fiduciary relationship by the dominant party or when fraud is proven." *Williams v. Teachers Insurance & Annuity Association* (1973), 15 Ill. App. 3d 542, 546, 304 N.E.2d 656, 659.

■■ The supreme court has defined a fiduciary relationship in the following terms:

"A fiduciary or confidential relationship exists where, by reason of friendship, agency, business association and experience, trust and confidence are reposed by one person in another who, as a result, gains an influence and superiority over him. * * * Factors to be considered * * * include the degree of kinship, as well as disparity in age and business experience, and the extent to which the allegedly servient party entrusts the handling of his affairs to the other." *McCartney v. McCartney* (1956), 8 Ill. 2d 494, 499, 134 N.E.2d 789, 792; see also *Tarpoff v. Karandjeff* (1959), 17 Ill. 2d 462, 162 N.E.2d 1.

■ The complaint contains no information concerning the respective ages of Judith, James and Margaret Wolfe. Nor do we have any facts

concerning their business experience or lack thereof. Although the marriage of Judith Wolfe and James Wolfe was subsequently annulled, at the time the trust was created Judith Wolfe and James Wolfe presumably believed themselves validly married. Judith Wolfe has alleged that she reposed trust and confidence in James Wolfe. She also alleged that she contributed to the res of the trust. By his sole action James Wolfe was able to direct the trustee in its handling and possible disposition of the trust. Judith Wolfe thus entrusted the management of her interest in the res of the trust to James Wolfe. For these reasons, the complaint sufficiently alleges a fiduciary relationship between Judith Wolfe and James Wolfe.

The complaint also alleges that James Wolfe breached the fiduciary duty which he owed to the plaintiff by directing the trustee to convey the res to his sister, Margaret Wolfe, thereby depriving the plaintiff of her interest in the trust. The supreme court in *McCartney* noted "the mere existence of the [fiduciary] relation prohibits the party trusted from obtaining benefit or gain at the expense of the other, and a constructive trust arises in property conveyed to him where some fraud or advantage is taken in the procurement of the conveyance. [Citation.] When the existence of the relation has been established the fraud is presumed; * * *." *McCartney*, 8 Ill. 2d 494, 499, 134 N.E.2d 789, 792.

Henry W. Kenoe, an authority on Illinois land trusts, discusses the situation where the power of direction is conferred upon one of several beneficiaries who is given no particular advantage under the terms of the trust. He concludes the person holding the power of direction acts in a fiduciary capacity and "will be required to observe the interests of all the beneficiaries." Kenoe, Illinois Land Trusts 2—25 (Ill. Inst. Cont. Legal Educ. 1974).

We believe the complaint adequately pleads a fiduciary relationship, the breach thereof, and sufficient facts to justify the imposition of a constructive trust. The trial court erred in dismissing the first count of the plaintiff's complaint.

Count II seeks an accounting of the profits and benefits of the real estate held in trust. This count is directed against James Wolfe and Margaret Wolfe and alleges that those two defendants have received all of the profits and benefits from the real estate.

An Illinois statute provides in part:

> "When one or more joint tenants * * * in real estate * * * shall take and use the profits or benefits thereof, in greater proportion than his or their interest, such person or persons * * * shall account therefor to his or their cotenants jointly or severally." (Ill. Rev. Stat. 1973, ch. 76, par. 5.)

The trust document shows that Judith Wolfe and James Wolfe were joint

tenants in the original land trust. The complaint alleges that James Wolfe and Margaret Wolfe have taken and retained all the profits and benefits of the real estate. On the basis of the above-quoted statute, count II of the complaint states a valid cause of action for an accounting.

■■ In count III of her complaint, the plaintiff seeks money damages. James Wolfe, in his *pro se* brief, offers no authority to support the dismissal of this count. As we have previously found the complaint sufficiently alleges a breach of fiduciary duty and count III pleads actual damages resulting therefrom, the trial court should not have dismissed this final count.

James Wolfe argues the complaint was properly dismissed because, at the time it was filed, an order of the divorce division was outstanding which precluded anything being done to affect the status quo of the property. We reject this contention because, as both parties concede, when the court below granted James Wolfe's motion to dismiss the complaint under consideration here, the divorce suit had previously been dismissed.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

JOHNSON and LINN, JJ., concur.