FIRST OPTIONS OF CHICAGO, INC., Plaintiff-Appellant, v. TINA STELLINGS, Defendant-Appellee.

First District (3rd Division)   No. 1—90—3024

Opinion filed June 12, 1991.

Gardner, Carton & Douglas, of Chicago, for appellant.

Kusper & Raucci, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, First Options of Chicago, Inc., appeals from the dismissal of counts I and II of its complaint for judicial sale or partition of real property held in a land trust of which it and defendant, Tina Stellings, each owned a 50% beneficial interest. Plaintiff argues that: (1) because the parties were at a deadlock and because plaintiff's assignor could have forced a sale, the trial court erroneously concluded that as a matter of law plaintiff was not entitled to a judicial sale; (2) the denial of the request for a judicial sale was grossly inequitable and plaintiff was thereby deprived of its legal rights as a property owner; (3) the trial court misapplied the exhaustion of remedies doctrine; (4) the trial court erroneously ruled that plaintiff was not entitled to a partition sale; and (5) the trial court's rulings were contrary to public policy.

Plaintiff filed a verified complaint which sought a judicial sale, or in the alternative, a partition sale, of land trust property. Plaintiff alleged that it was a Delaware corporation and that defendant was an individual residing at 1112 Franklin Avenue, River Forest, Illinois. On July 9, 1976, this residence was put into a land trust with River Forest State Bank and Trust Company as trustee of trust number 2124. Defendant and Leon Stellings as joint tenants were the beneficiaries of the land trust.

Under the land trust agreement, the "right in the avails" of the real property was deemed personal property and no beneficiary had "any right, title or interest in or to any portion of said real estate as such, either legal or equitable." The beneficiaries had the "power of direction to deal with the title to said property and to manage and control said property" and the right to receive the proceeds from the real property. The beneficiaries also were to have "the management of said property and control of the selling, renting and handling thereof" and were to "collect[,] apply and handle the rents, earnings, avails and proceeds thereof." The trustee was to have "no duty in respect to such management or control, or the collection, handling or application of such rents, earnings, avails or proceeds, or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided." Additionally, the land trust agreement provided that the power of direction was lodged in "Leon Stellings and Tina Stellings,

or the survivor of the two should one decease" or other persons who from time to time became beneficiaries.

Plaintiff further alleged that on August 17, 1988, it filed an action against Leon Stellings to recover damages arising from options trading losses he suffered. On October 5, 1988, judgment was entered in favor of plaintiff against Leon Stellings for $1,188,878.28, and on September 6, 1989, an order was entered directing Leon Stellings to assign his 50% beneficial interest in the land trust to the sheriff of Cook County for an execution sale. The beneficial interest was offered for sale at a public sale at which plaintiff was the highest bidder for a price of $160,000. Plaintiff and defendant then each owned 50% of the beneficial interest in the land trust as tenants in common.

Count I alleged the following. Since January 1, 1989, defendant had not paid any real estate taxes or homeowner's insurance and had maintained full and exclusive use and enjoyment of the trust property. Plaintiff insured the trust property and would be responsible for a proportionate share of the real estate taxes. Plaintiff had received no use and enjoyment of the trust property. Plaintiff and defendant had divergent interests concerning the use, management, and control of the trust property because plaintiff wished to sell it whereas defendant wished to continue to reside there. Plaintiff prayed for a sale of 100% of the beneficial interest in the land trust so that the parties could realize the benefit of their 50% interests.

Count II requested a partition sale pursuant to statute (Ill. Rev. Stat. 1989, ch. 110, par. 17—101 *et seq.*). Plaintiff alleged that as a tenant in common, it was entitled to compel partition of the land trust property and that, because the real property could not be divided by partition without manifest prejudice to the interested parties, plaintiff was entitled to a sale of 100% of the beneficial interest in the trust and the real property held subject to the trust.

Defendant filed a motion to strike and dismiss the complaint. The court ruled that plaintiff had no right to a judicial sale or partition and dismissed both counts.

Plaintiff argues on appeal that the parties are in a deadlock over the management and control of the trust property and that therefore the most appropriate solution is a judicial sale. Plaintiff relies on the inherent power of a chancery court to fashion a remedy to do justice and upon the following two cases in which the beneficial interests in land trusts were ordered sold.

In *Regas v. Danigeles* (1964), 54 Ill. App. 2d 271, 277-81, 203 N.E.2d 730, a judicial sale of the beneficial interests in a land trust was ordered in the context of a business deadlock over the manage-

ment of a building on the basis that the situation called for equitable relief. In *Davis v. Kurtz* (1988), 165 Ill. App. 3d 417, 518 N.E.2d 1297, property had been purchased by plaintiff and defendant and placed into a land trust in contemplation of forming a business but it was later learned that plaintiff was legally prevented from owning an interest in that particular type of business. Defendant managed the business, and, on the basis of unjust enrichment and restitution, the trial court severed the parties' joint interest in the land trust, gave defendant the option to purchase plaintiff's interest in the property, and ordered a judicial sale as an alternative if defendant did not purchase plaintiff's interest in the property. The order of the judicial sale as an alternative was affirmed as a proper exercise of judicial discretion. *Davis*, 165 Ill. App. 3d at 421.

Defendant cites *Prassas v. Nicholas W. Prassas & Co.* (1981), 94 Ill. App. 3d 311, 316, 418 N.E.2d 904, in which a public sale of land trust beneficial interests was refused because of the absence of a deadlock in business management.

A business dispute does not exist in the instant case, but plaintiff argues that a similar type of deadlock exists here because it has been excluded from possession of the trust property, has received no use and enjoyment of it, and because only one beneficial owner wants to sell the trust property. But plaintiff did not allege in the complaint that it wanted possession or other use of the trust property; therefore, the only possible basis to find a deadlock is that plaintiff wants to sell the trust property whereas defendant does not so desire. Since the land trust agreement required both beneficiaries to join in the power of direction, it may be assumed that the parties desired to impair the other from forcing a sale, transfer, or encumbrance of the marital home. Therefore, requiring a sale would significantly reduce defendant's rights and would give plaintiff rights greater than the party in whose shoes it stands.

■ Plaintiff and defendant do not have a legal or equitable interest in real property; they each have only a 50% beneficial interest in the land trust, which is considered personal property. (*Patrick v. Village Management* (1984), 129 Ill. App. 3d 936, 939, 473 N.E.2d 493.) But, under the land trust agreement provision that gives the beneficiaries the power of direction to deal with the title, plaintiff and defendant have the power to direct the trustee to sell the trust property.

■ Despite the disagreement over whether the trust property should be sold, it would not be equitable to order a judicial sale because, unlike the cases in which business associates had voluntarily

purchased the subject property together, defendant shared ownership with plaintiff involuntarily. It was possible or even likely that defendant would desire to remain in her residence, and plaintiff knew that it was voluntarily purchasing only an equal percentage of the beneficial interest so that it would not have a controlling interest. Under such circumstances, the refusal of the trial court to order a judicial sale pursuant to its general equitable powers was proper. Contrary to plaintiff's contention, it is not without a remedy. This court does not preclude plaintiff from initiating an action for accounting between beneficiaries for an apportionment of the value of use and occupancy.

Plaintiff also argues that a judicial sale should have been ordered because Leon Stellings could have forced such a sale and because plaintiff was the assignee of all of Leon Stellings' rights and interest. Plaintiff relies upon defendant's alleged admission in the trial court that Leon Stellings would have had the right to a judicial sale of the entire beneficial interest if he had still owned the 50% interest.

■ A judicial admission is a formal act of a party or his attorney in court that dispenses with proof of a fact claimed to be true. (*Malauskas v. Tishman Construction Corp.* (1980), 81 Ill. App. 3d 759, 761, 401 N.E.2d 1013.) A judicial admission has also been defined as a deliberate, clear, and unequivocal statement by a party regarding a concrete fact within that party's peculiar knowledge where the information upon which the admission was based was uniquely within the personal knowledge of the person making it. *Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 15, 545 N.E.2d 965.

■ Defendant's counsel's response to the trial court's question whether Leon Stellings could have brought a partition action was that he probably could have brought such an action because he was married to the other beneficiary. The statement was not a binding admission of a fact but was a legal conclusion. Plaintiff does not otherwise argue how Leon Stellings could have forced a judicial sale of the beneficial interest and therefore the argument that plaintiff had the right as assignee to force a judicial sale is rejected.

■ The refusal of the trial court to order a partition sale pursuant to statute also was proper. The statute permitting partition provides in part:

> "When lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, legacy or descent, or whether any or all of the claimants are minors or adults, any one or more of the persons interested therein may compel a partition thereof by a verified complaint in the circuit court of the county where the

premises or part of the premises are situated." (Ill. Rev. Stat. 1989, ch. 110, par. 17—101.)

The statute is declaratory of the law that existed before the enactment of the statute because partition was permissible at common law. See *Harris v. Ingleside Building Corp.* (1939), 370 Ill. 617, 621, 19 N.E.2d 585 (predecessor of statute which was essentially the same in substance to the statute at issue was declaratory of common law).

Plaintiff argues that it is entitled to a partition sale even though the Illinois Supreme Court has held that beneficial owners of a land trust are not entitled to partition (*e.g., Breen v. Breen* (1952), 411 Ill. 206, 213, 103 N.E.2d 625). Plaintiff relies on *Carlyle v. Jaskiewicz* (1984), 124 Ill. App. 3d 487, 464 N.E.2d 751, as an example of later authority in which a partition sale of land trust property was ordered at the request of a 50% beneficial owner. Although real property held in a land trust was sold pursuant to a request for partition, the propriety of partition was not an issue in the case.

Plaintiff also argues that the court has the general equitable power to provide a remedy and that there is no logical reason to retain the rule that a joint owner of legal title to real property has the right of partition while the owner of a beneficial interest in a land trust does not have the right of partition because the rule places an unreasonable disadvantage on those who choose the land trust form of property ownership.

■ The general rule is that a land trust beneficial owner generally cannot obtain partition of the land trust property because it has neither legal nor equitable title to the real property. (*Breen*, 411 Ill. at 213.) We cannot ignore this precedent, and we find that the inability to obtain partition is not unfair because the land trust confers the advantage of transforming a real property interest into a personal property interest.

Plaintiff argues that the rulings of the trial court were contrary to public policy because they in effect relegated judgment creditors to second class status. The status of plaintiff as a judgment creditor is not the reason for the denial of its requests. Rather, partition generally is not available to any owner of a beneficial interest in a land trust, and a judicial sale was not equitable because the other owner had no choice in becoming a tenant in common with plaintiff whereas plaintiff voluntarily purchased a 50% beneficial interest.

■ Plaintiff also argues that the trial court erred in finding that it had exhausted its remedies in forcing the sale of Leon Stellings' beneficial interest. It is the result, and not the reasoning of the trial court, that is to be reviewed on appeal. (*Material Service Corp. v. De-*

*partment of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.) As already discussed, the refusal to order a judicial sale or partition was properly denied for other reasons. Therefore, the exhaustion of remedies issue need not be addressed.

The judgment of the trial court refusing to order a judicial sale or partition is affirmed.

Affirmed.

WHITE and GREIMAN, JJ., concur.