2019 IL App (1st) 180346-U

No. 1-18-0346

Filing Date December 6, 2019

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except under the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CURTIS PRINCE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CH 6016 |
| | ) | |
| MARQUETTE BANK, as Trustee of Trust No. 19073, | ) | Honorable |
| Dated August 12, 2009, LINDA F. SMITH-BUCKNER, | ) | Pamela Meyerson, |
| MICHAEL ANTHONEY SMITH and CORNELIUS | ) | Judge, presiding. |
| SMITH JR., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Cornelius Smith Jr., | ) | |
| | ) | |
| Defendant-Appellee). | ) | |

_____

JUSTICE HALL delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed summary judgment for the defendants: under the terms of the land trust, the holder of the sole power of direction was not permitted to sell the

property or convey it out of the trust without the agreement of all the beneficiaries, and property in a land trust was not subject to partition.

¶ 2    Plaintiff Curtis Prince appeals an order of the circuit court of Cook County granting summary judgment to defendant Cornelius Smith Jr. (Smith Jr.), denying plaintiff's cross-motion for partial summary judgment and dismissing plaintiff's second amended verified complaint against Smith Jr., defendant Linda F. Smith-Buckner (Ms. Smith-Buckner) (collectively the beneficiaries or co-beneficiaries) and Marquette Bank.[1] The issue on appeal is whether the circuit court erred in its summary judgment rulings.

¶ 3                                    BACKGROUND

¶ 4    On August 17, 2008, Zola May Smith (Mrs. Smith) executed a trust agreement placing a three-unit apartment building (the property) in a land trust. Marquette Bank was the trustee, and the beneficiaries of the trust were Mrs. Smith and her four children: plaintiff Curtis Prince, Smith Jr., Ms. Smith-Buckner and Michael Anthoney Smith. The trust agreement provided that the beneficiaries and their successors at interest "shall be entitled to the earnings, avails[2] and proceeds of said real estate according to the respective interests herein set forth***[.]"  The interest of the beneficiaries in the trust were limited to the following: "(1) the power to direct the trustee to deal with title to the property; (2) the power to manage, possess, use and control the property; and (3) the right to receive the earnings, avails and proceeds from leases and other [illegible] and from mortgages, sales and other dispositions of the property." The trust agreement provided that these rights were personal property and that "[n]o beneficiary at any time shall

_____

[1] Ms. Smith-Buckner and Marquette Bank are not parties to this appeal.

[2] "Avails" are the profits and proceeds especially from the sale of land. Black's Law Dictionary 145 (8th ed. 2004).

have any right, title or interest in or to any portion of the legal or equitable title to the property."
The trust agreement further provided that the power of direction "shall be in CURTIS PRINCE."

¶ 5    Under the terms of the trust agreement, as holder of the power of direction, plaintiff had the authority to direct the trustee to make deeds, mortgages, and trust deeds, execute leases or otherwise deal with the title to the property. If there was any property remaining in the trust 20 years from the date of the trust agreement or any extension of it, the property was to be sold at a public sale and the net proceeds divided among those entitled to receive them under the provisions of the trust agreement.

¶ 6    In 2015, plaintiff commenced the instant litigation by filing a one-count complaint against Smith Jr., Ms. Smith-Buckner, Michael Anthoney Smith[3] and Marquette Bank for partition of the property. The parties attempted to negotiate a settlement involving the purchase of plaintiff's interest. Ultimately, the parties were unable to reach a settlement.

¶ 7    On August 18, 2017, plaintiff filed a verified second amended complaint. Counts I and II sought declaratory judgments that, pursuant to his power of direction, plaintiff had the right to sell the property or to convey the property out of the trust without the consent of the beneficiaries. In count III, plaintiff requested that the property be partitioned or, in the alternative, that the court direct that the property be sold and the proceeds divided amongst the parties according to their interests as set forth in the trust agreement. In count IV, plaintiff sought

---

[3] Subsequent to the commencement of this litigation, Michael Anthoney Smith died. Issues concerning his beneficial interest are not raised in this appeal.

an accounting and compensation for Smith Jr.'s refusal to rent out the property's vacant apartment.[4]

¶ 8    Smith Jr. moved for summary judgment as to counts I, II and III and filed a motion to dismiss count IV. As to counts I and II, he maintained that neither the language of the trust agreement granting plaintiff the power of direction nor section 15 of the Land Fiduciaries Duties Act (765 ILCS 435/15 (West 2016) (Act)) permitted plaintiff to sell the property over the objections of the other beneficiaries of the trust. As to count III, he maintained that since the trust agreement stated that the beneficiaries' interests in the property were personal property, the property could not be partitioned. Smith Jr. requested dismissal of court IV on the ground that plaintiff had never requested an accounting.

¶ 9    Plaintiff responded to the motion for summary judgment and filed a cross-motion for partial summary judgment on counts I and II of the second amended verified complaint. He maintained that because he held the sole power of direction under the trust agreement, he could direct the trustee to enter into a contract for the sale of the property or order the trustee to convey the property out of the trust without the consent of the other beneficiaries. With respect to count III, plaintiff pointed out that his power to direct allowed him to convey the property out of the trust and therefore, the property would no longer be personal property. He also maintained that the rule that personal property could not be partitioned was no longer fixed law. Responding to the motion to dismiss count IV, plaintiff claimed he had stated a cause of action for lost rents.

¶ 10    Following a hearing, the circuit court determined there were no genuine issues of material fact. The court noted that there were no cases construing the Act and found the issue to be one of

_____

[4] Both Smith Jr. and Ms. Smith-Buckner appeared *pro se* until the filing of the second amended verified complaint. Smith Jr. thereafter was represented by counsel. Ms. Smith-Buckner continued to represent herself.

first impression. The court found that under the trust agreement all the beneficiaries had the power to possess the property. Applying the relevant provisions of the Act to the trust provisions, with respect to counts I and II, the court ruled that plaintiff's sole power of direction did not permit plaintiff to direct the trustee to sell the property or to convey it out of the trust without the agreement of all the beneficiaries. As to count III, the court ruled that the property was not subject to partition because it was in a land trust.

¶ 11    The circuit court granted Smith, Jr.'s motion for summary judgment on counts I, II, and III of the second amended verified complaint and denied plaintiff's cross-motion for partial summary judgment on counts I and II.  Following his voluntary dismissal of count IV of the second amended verified complaint, plaintiff filed this timely appeal.[5]

¶ 12                                        ANALYSIS

¶ 13                               A. Standard of Review

¶ 14    The grant of summary judgment and the construction of a statute are reviewed *de novo*. *Majid v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 2015 IL App (1st) 132182, ¶ 13 (construction of a statute); *Mt. Hawley Insurance Co. v. Robinette Demolition, Inc.*, 2013 IL App (1st) 112847, ¶ 12 (summary judgment). The construction of a trust is a question of law, and our review is *de novo*. *Bank of America, N.A. v. Judevine*, 2015 IL App (1st) 140532, ¶ 19.

¶ 15                                   B. Discussion

¶ 16    " 'Summary judgment is proper if, and only if, the pleadings, depositions, admissions, affidavits and other relevant matters on file show that there is no genuine issue of material fact

---

[5] This case was fully briefed as of November 15, 2018 and assigned to the authoring justice on December 10, 2018. The disposition was first circulated to the panel members on October 31, 2019.

and that the movant is entitled to judgment as a matter of law.' " *Mt. Hawley Insurance Co.*, 2013 IL App (1st) 112847, ¶ 14 (quoting *Illinois Farmers Insurance Co. v. Hall*, 363 Ill. App. 3d 989, 993 (2006)). Where the parties have filed cross-motions for summary judgment, they invite this court to determine the issues as a matter of law and enter judgment in favor of one of the parties. *Mt. Hawley Insurance Co.*, 2013 IL App (1st) 112847, ¶ 14. The fact that the parties filed cross-motions for summary judgment, however, does not establish that there is no issue of material fact, and a trial court is not obligated to render summary judgment for either party. *Judevine*, 2015 IL App (1st) 140532, ¶ 19.

¶ 17                                   1. *Counts I and II*

¶ 18    Plaintiff contends that as the holder of the power of direction under the trust agreement, he has the authority to direct the trustee to sell the property or to convey it out of the trust over the objections of the other beneficiaries. Smith Jr. responds that for plaintiff to direct the trustee to sell the property or convey it out of the trust without the consent of the co-beneficiaries would violate plaintiff's fiduciary duty to the co-beneficiaries. As this case raises an issue of first impression, we begin by examining the Act in accordance with the settled principles of statutory construction.

¶ 19                          a. Land Trust Fiduciaries Duties Act

¶ 20    " 'The cardinal rule of statutory construction is to determine and give effect to the legislature's intent.' " *Goldstein v. Grinnell Select Insurance Co.*, 2016 IL App (1st) 140317, ¶ 14 (quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992)). The statutory language is the best indication of the intent of the drafters. *Majid*, 2015 IL App (1st) 132182, ¶ 16. Absent a specific definition, unambiguous terms are given their plain and ordinary meaning. *Majid*, 2015 IL App (1st) 132182, ¶ 16. No part of the statute is to be rendered

superfluous, and the language of the statute is given a broad rather than narrow interpretation. *Majid*, 2015 IL App (1st) 132182, ¶ 16. We also look to the reason and necessity of the law, the evils to be remedied and the purpose to be achieved. *Majid*, 2015 IL App (1st) 132182, ¶ 16.

¶ 21    In 1999, the legislature expressed its concern that court decisions, both Illinois and federal, were unclear as to whether holders of the power of direction owed fiduciary duties to the holders of beneficial interests in land trusts. 765 ILCS 435/5(a) (West 2016). The legislature sought "to clarify that holders of the power of direction are accountable to the holders of the beneficial interest in land trusts." 765 ILCS 435/5 (West 2016). Under the Act, holders of the power of direction were defined as: "persons or entities having the authority to direct the trustee to convey, execute a mortgage, distribute proceeds of sale or financing, and execute documents incidental to the execution of a land trust." 765 ILCS 435/10 (West 2016).

¶ 22    Section 15 of the Act sets forth the fiduciary duties of holders of the power of direction as follows:

> "The power of direction, unless provided otherwise in the land trust agreement, is conferred upon the holders thereof for the use and benefit of all of the holders of the beneficial interest in the land trust. In exercising the power of direction, the holders are presumed to act in a fiduciary capacity for the benefit of all holders of the beneficial interest in the trust, unless otherwise provided in the land trust agreement. The beneficial interest shall be indefeasible and the power of direction shall not be so exercised to alter, amend, revoke, terminate, defeat, or otherwise affect or change the enjoyment of any beneficial interest." 765 ILCS 435/15 (West 2016).

Section 20 states that the Act "is declaratory of existing law and is intended to remove any possible conflicts or ambiguities, thereby confirming existing law pertinent to land trusts ***." 765 ILCS 435/20 (West 2016).

¶ 23                                    b. Case Law

¶ 24    Since the Act "is declarative of existing law," plaintiff maintains that the Act did not usher in a change to the law. He relies on both pre-Act and post-Act cases in support of his argument that as the sole holder of the power of direction, he could direct the trustee to convey title to the property or remove the property from the land trust without the consent of his co-beneficiaries. These pre-Act and post-Act cases recognize the general rule that the holder of the power of direction may enter into a contract in his capacity as beneficiary so long as the trust agreement vests in the holder the sole power of direction. However, those cases are distinguishable from the present case in that they involve different issues and present different factual situations.

¶ 25    In *Espevik v. Kaye*, 277 Ill. App. 3d 689, (1996), the issue concerned the right of the sole surviving beneficiary of the land trust to assign his interest under the terms of the trust agreement that barred him from making changes or terminating the trust. *Espevik*, 277 Ill. App. 3d at 695. In *Seaberg v. American National Bank & Trust Co. of Chicago*, 35 Ill. App. 3d 1065 (1976), the reviewing court upheld the denial of specific performance of a real estate contract for the sale of property held in a land trust where the beneficiary with the power of direction acted as agent of the trustee rather than directing the trustee to convey the property. *Seaberg*, 35 Ill. App. 3d at 1070-71. In *Johnessee v. Schnepf*, 2012 IL App (4th) 110767, the reviewing court found that a trust was not an amendable land trust where the trust agreement did not reserve the power of

modification, did not designate a holder of the power of direction, and the term "land trust" did not appear in the agreement. *Johnessee*, 2012 IL App (4th) 110767, ¶ 28.

¶ 26    In *Hoxha v. LaSalle National Bank*, 365 Ill. App. 3d 80 (2006), the reviewing court affirmed the denial of specific performance of a contract to sell property where the purported document did not contain the required specificity for an enforceable contract. *Hoxha*, 365 Ill. App. 3d at 86. In *dicta*, the court noted that, even if it could be construed as a contract, where seller contracted to sell the property without disclosing to the purchaser that the property was in a land trust or that the seller was the beneficiary of the trust, the contract still could not be enforced since it was beyond the power of the beneficiary to act.  *Hoxha*, 365 Ill. App. 3d at 87.

¶ 27    The above cases do not address the issue in this case, namely, whether the holder of the sole power of direction under a land trust agreement breaches his fiduciary duty to his co-beneficiaries by selling the property or conveying the property out of the trust without their consent. However, we find *Wolfe v. Wolfe,* 81 Ill.App.3d 833 (1980), a case decided prior to the Act, instructive.

¶ 28    In *Wolfe*, James, Judith, James's wife at the time, and Margaret, James's sister, were beneficiaries of a land trust; James was the sole holder of the power of direction. Subsequently, James directed the trustee to convey the entire *res* of the trust to Margaret. Judith filed a complaint alleging wrongful conversion of her interest in the real estate and sought the imposition of a constructive trust. *Wolfe*, 81 Ill. App. 3d at 835. The court in *Wolfe*, noted that "Henry W. Kenoe, an authority on Illinois land trusts, discusses the situation where the power of direction is conferred upon one of several beneficiaries who is given no particular advantage under the terms of the trust. He concludes the person holding the power of direction acts in a fiduciary capacity and 'will be required to observe the interests of all the beneficiaries.' " *Wolfe*,

81 Ill.App.3d at 837 (citing Kenoe, Illinois Land Trusts at 2—25) (Ill. Inst. For Cont. Legal Educ.1974)).

¶ 29    At the time of the creation of the land trust, the parties were still married. Judith alleged that she had reposed trust and confidence in James. The trust agreement gave James the sole power to direct the trustee in the handling and possible disposing of the trust. Judith therefore had entrusted the management of her interest in the trust to him. Based on these factual allegations, the reviewing court held that Judith had sufficiently pleaded the existence of a fiduciary relationship and its breach to justify the imposition of a constructive trust. *Wolfe*, 81 Ill.App.3d at 837.

¶ 30    In contrast to *Wolfe* is *In re Estate of Bork*, 145 Ill. App. 3d 920 (1986), relied on by plaintiff. In that case, the issue was whether Louis G. Bork's sole power of direction under a land trust passed to his executor or administrator upon his death. Ultimately, the reviewing court held that the trust must specifically provide that the sole power to direct passed to the deceased holder's executor or administrator; otherwise, only the power to direct, shared by the other beneficiaries under the trust provisions, passed to the executor or administrator. *Estate of Bork*, 145 Ill. App. 3d at 928-29.

¶ 31    As part of its analysis, the court in *Estate of Bork* examined the pertinent language of the trust, which provided as follows:

" '[T]he trustee will deal with said real estate only when authorized to do so in writing and that the trustee will, (notwithstanding any change in the beneficiary or beneficiaries hereunder, unless otherwise directed in writing by the beneficiaries,) on the written direction of Louis G. Bork or on the written direction of such person or persons as may

be beneficiary or beneficiaries at the time, make deeds for, or otherwise deal with the title

to the real estate ***.' " *Estate of Bork*, 145 Ill. App. 3d at 927.

The reviewing court held that "under the terms of that clause, deceased reserved to himself the

power to direct the trustee solely, without the approval of the other beneficiaries." *Estate of Bork*,

145 Ill. App. 3d at 928-29.

¶ 32    Plaintiff points out that *Estate of Bork* was cited in *Network Holdings, Inc. v. F.D.I.C.*, 10

CV 3247 (N.D. Ill. 2012). The district court noted that "Illinois courts have held that person

specifically named in a trust agreement may direct the trustee to convey title without the

concurrence of the other beneficiaries." *Network Holdings, Inc.*, at 8 (citing *Estate of Bork*, 145

Ill. App. 3d at 927). In *Network Holdings, Inc.*, a beneficiary sued the land trust trustee for

negligence and breach of fiduciary duty. In finding that the trustee was not negligent, the district

court determined that the trustee properly refused to amend the trust agreement without the

assent of all the beneficiaries. *Network Holdings, Inc.*, at 10. The court further found that the

trustee did not breach its fiduciary duty to the beneficiary. Absent any knowledge that the

transaction was wrongful or not otherwise authorized, the trustee was not required to inquire into

the propriety of the direction it received. See *Network Holdings, Inc.*, at 12-13.

¶ 33    The contrasting decisions in *Estate of Bork* and *Wolfe* and the lack of reference in the

case law to the fiduciary duty owed by the holder of the power of direction to his co-

beneficiaries may explain the legislature's decision to clarify that the holder of the power of

direction owed a fiduciary duty to the beneficiaries of a land trust. See 765 ILCS 435/15 (West

2016). Fiduciary duty was not raised or discussed in *Estate of Bork*. While *Network Holdings,

Inc.*, cited *Estate of Bork*, the fiduciary duty at issue in *Network Holdings, Inc.* was that of the

trustee to the beneficiaries, whereas the issue in the present case concerns the fiduciary duty

owed by the holder of the power of direction to his co-beneficiaries. In *Wolfe*, however, the reviewing court found that the sole holder of the power of direction violates his or her fiduciary duty by transferring the property out of the trust without the consent of and against the interest of a co-beneficiary. *Wolfe*, 81 Ill.App.3d at 837.

¶ 34　The cases relied on by plaintiff as representative of "existing law," do not support his position that as the sole holder of the power of direction he may direct the trustee to dispose of the property in a land trust without the consent of the beneficiaries. Rather, as the sole holder of the power of direction, plaintiff owes the other beneficiaries the fiduciary duties set forth in section 15 of the Act. The question is whether plaintiff's direction to the trustee for the sale or conveyance of the property out of the trust violates his fiduciary duty to his co-beneficiaries.

¶ 35　　　　　　　　　　　　c. Section 15 of the Act

¶ 36　Plaintiff submits that section 15 of the Act was only intended to make clear that the holder of the power of direction could not use that power to terminate or diminish the beneficial interests of the beneficiaries. He argues that since the beneficiaries' interest in the property is personal property, selling the property and distributing the proceeds according to the provisions of the trust agreement would not diminish his co-beneficiaries' interests because the co-beneficiaries would merely be exchanging one form of personal property for another.

¶ 37　Under the trust agreement, the beneficiaries' interests included possession and use of the property. The record contains Ms. Smith-Buckner's answers to plaintiff's various complaints. In her answers, she consistently opposed the sale of the property pointing out that it has been her primary residence for all of her 55 years. Plaintiff acknowledges that Ms. Smith-Buckner resides in one of the property's apartments.

¶ 38　Under the Act, the holder of the power of direction may not exercise that power to "affect or change the enjoyment of" the beneficiaries' interests. 765 ILCS 435/15 (West 2016). It is undisputed on this record that plaintiff's exercise of his sole power of direction to sell the property or to convey or partition it, would affect or change his co-beneficiaries' enjoyment of their right to possess and use the property. In Ms. Smith-Buckner's case, she would be deprived of the home she had resided in for 55 years and which she does not wish to leave.

¶ 39　In this case, absent his co-beneficiaries' consent, plaintiff's exercise of his power of direction to sell the property or to convey it out of the land trust so as to partition the property would violate his fiduciary duty to the co-beneficiaries in that it would affect or change their enjoyment of their beneficial interests of possession and use of the property.

¶ 40　We conclude that summary judgment was properly entered on counts I and II of the second amended verified complaint and that plaintiff's cross-motion for summary judgment on those counts was properly denied.

¶ 41　　　　　　　　　　　　　　　　　　2. *Count III*

¶ 42　Plaintiff contends that that the circuit court erred in granting summary judgment on count III of his second amended verified complaint on the grounds that plaintiff could not maintain a partition action.

¶ 43　In *Breen v. Breen*, 411 Ill. 206 (1951), our supreme court held that the beneficial owners of a land trust, having no legal or equitable right in the real estate, are not entitled to partition the property. *Breen*, 411 Ill. at 213. While acknowledging the holding in *Breen*, plaintiff submits that "[t]he legal fiction that a beneficial interest in a land trust is not an interest in real property is being eroded." In support of his argument, he relies on *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479 (1979), *Lake City Corp. v. Michigan Avenue National Bank*, 33 Ill. App. 3d 100

(1975), and *Ellis Realty v. Chapelski*, 28 Ill. App. 3d 1008 (1975). None of those cases deal with whether a partition suit may be maintained against property held in a land trust, nor do they overrule *Breen* or otherwise indicate that the holding in *Breen* is no longer valid.

¶ 44 Moreover, subsequent to those decisions, in *First Options of Chicago v. Stellings*, 215 Ill. App. 3d 1093 (1991), the reviewing court rejected the plaintiff's argument that she was entitled to a partition sale of a beneficial interest in a land trust. The court pointed out that "the Illinois Supreme Court has held that beneficial owners of a land trust are not entitled to partition." *Stellings*, 215 Ill. App. 3d at 1099 (citing *Breen*, 411 Ill. at 213).

¶ 45 Plaintiff maintains that permitting a partition action of land trust property is not without precedent, citing *Carlyle v. Jaskiewicz*, 124 Ill. App. 3d 487 (1984). *Carlyle* does not aid plaintiff. In its statement of facts, the reviewing court noted that "the property was sold pursuant to the request for partition, and no questions are raised concerning the propriety of granting partition or the manner in which the property was sold." *Carlyle*, 124 Ill. App. 3d at 489. Moreover, the reviewing court in *Stellings* rejected the plaintiff's reliance on *Carlyle* observing that "[a]lthough real property held in a land trust was sold pursuant to a request for partition, the propriety of the partition was not an issue in the case." *Stellings*, 215 Ill. App. 3d at 1099.

¶ 46 Finally, plaintiff argues that he has the right to take the property out of the land trust or to direct the trustee to convey the property in the event of a *bona fide* sale. However, we have determined that plaintiff may not exercise that power without the consent of the beneficiaries. Absent such consent, the property remains in a land trust, and it is not subject to partition. The grant of summary judgment on count III seeking a partition of the property was proper.

¶ 47 CONCLUSION

¶ 48    For all of the foregoing reasons, the order of the circuit court granting summary judgment to defendants on counts I, II and III of the second amended verified complaint and denying plaintiff's cross-motion for partial summary judgment on counts I and II is affirmed.

¶ 49    Affirmed.