2022 IL App (3d) 210177

Opinion filed March 9, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| JANET GROVE, as Co-Successor Trustee and on Behalf of the Mary E. Cullinan Irrevocable Trust Dated June 29, 1990, and as Co-Trustee and on Behalf of the Elizabeth A. Mathers Declaration of Trust Dated August 29, 2002, and THOMAS MATHERS, in His Capacity as The Sole Noncontingent Remainder Beneficiary of the Mary E. Cullinan Irrevocable Trust Dated June 29, 1990, and as the Sole Current Beneficiary of the Elizabeth A. Mathers Declaration of Trust Dated August 29, 2002, | ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0177 Circuit No. 19-CH-484 |
| MORTON COMMUNITY BANK, an Illinois State Banking Corporation With Trust Powers; MICHAEL CULLINAN; ALLEN CULLINAN; ALISON CULLINAN UNKOVICH; MAUREEN CULLINAN BENNETT; KATHLEEN CULLINAN BRILL; JPMORGAN CHASE BANK, N.A.; and FIRST STATE TRUST COMPANY, | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Morton Community Bank, | ) ) | Honorable David A. Brown, |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE HAUPTMAN delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment and opinion.

OPINION

¶ 1      Plaintiffs, Janet Grove, as co-successor trustee of the Mary E. Cullinan Irrevocable Trust (Cullinan Trust) and co-trustee of the Elizabeth A. Mathers Declaration of Trust (Mathers Trust), and Thomas Mathers, as sole noncontingent remainder beneficiary of the Cullinan Trust and sole beneficiary of the Mathers Trust, filed a first amended complaint against defendant, Morton Community Bank, and others. Plaintiffs alleged that, *inter alia*, defendant breached its fiduciary duty as successor trustee of the Cullinan Trust. Defendant filed a motion to dismiss the first amended complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)), which the circuit court partially granted as to the breach of fiduciary duty claim. Plaintiffs appeal. For the following reasons, we affirm in part and reverse in part.

¶ 2                         I. BACKGROUND

¶ 3      On June 29, 1990, Mary E. Cullinan created the Cullinan Trust for the benefit of her daughter, Elizabeth "Libby" Mathers. Libby was the sole lifetime beneficiary of the Cullinan Trust. JPMorgan Chase Bank, N.A. (JPMorgan), was successor trustee of the Cullinan Trust from 2004 until its resignation in mid-2015. After JPMorgan's resignation, defendant acted as successor trustee of the Cullinan Trust for a one-year period between mid-2015 and mid-2016.

¶ 4      Relevantly, section 5.04(C) of Article V of the Cullinan Trust, relating to successor trustees, provides: "No successor shall have any responsibility for any act or default of any predecessor or have any notice of or responsibility to inquire about any prior administration. Each successor may accept the records of each predecessor as conclusive of the proper amount, nature and allocation of the trust estate." Further, at the time of JPMorgan's resignation as successor trustee of the Cullinan Trust, Libby and defendant signed a release of liability pertaining to JPMorgan's trust administration and defendant's obligations as successor trustee.

The release of liability, dated July 28, 2015, stated that JPMorgan would forego its right to a judicial accounting of the Cullinan Trust. The release of liability also indicated Libby and defendant "desire[d] to avoid the expense and delay of a judicial settlement of the account of JPMorgan."

¶ 5    Further, the release of liability represented the following: (1) Libby retained or had ample opportunity to retain legal counsel, (2) Libby and defendant released and discharged JPMorgan as trustee of the Cullinan Trust for all liability relating to its trust administration, investment of trust assets, and delivery of trust assets to defendant, (3) Libby directed defendant to accept the accounts rendered by and received from JPMorgan as a full and complete release and discharge of JPMorgan, without incurring any liability, (4) Libby agreed defendant was relieved of any duty to review the acts of JPMorgan as trustee or bring any claim or action against JPMorgan, (5) Libby directed defendant to refrain from making any claim or bringing any action against JPMorgan, on behalf of the Cullinan Trust, for its trust administration or investment of trust assets, unless caused by theft or fraud, (6) Libby released defendant from all liability relating to JPMorgan's acts or failures to act as trustee of the Cullinan Trust, (7) Libby indemnified defendant from all claims of liability, loss, expense, or cost arising from JPMorgan's act or failure to act as trustee of the Cullinan Trust, and (8) Libby indemnified defendant's action or refrain from action in accepting the accounts rendered by and received from JPMorgan as a full and complete release and discharge of JPMorgan. Attached to the release of liability was JPMorgan's resignation as successor trustee, which indicated the resignation was effective upon its receipt of the release of liability and the beneficiaries' acknowledgement of the resignation.

¶ 6    Also on July 28, 2015, Libby and her only child, Thomas, who is the sole noncontingent remainder beneficiary of the Cullinan Trust, executed a consent, approval, and release

3

agreement. The consent, approval, and release agreement represented the following: (1) Libby and Thomas were given the opportunity to have certain documents related to the sale of shares reviewed by legal counsel and were fully aware of the related legal consequences, (2) Libby and Thomas consented to, approved, and authorized the execution of the above-described release of liability, and (3) Libby and Thomas released defendant from all claims or actions, etc., related to defendant's action with respect to JPMorgan's acts or omissions as predecessor trustee.

¶ 7　　　　The Cullinan Trust was to terminate upon Libby's death, which occurred on December 14, 2019. At that time, the terms of the Cullinan Trust provided, "the Trustee shall distribute [the Cullinan Trust] to such one or more members of a group consisting exclusively of [Mary's] descendants in such amounts and portions and subject to such trusts, terms and conditions as *** [Libby] may appoint by Will." Libby's will named the trustee of the Mathers Trust as the sole beneficiary of the Cullinan Trust. Thomas is the sole beneficiary of the Mathers Trust.

¶ 8　　　　On December 30, 2019, plaintiffs initiated this lawsuit against, among others, defendant, as the former successor trustee of the Cullinan Trust. On August 17, 2020, plaintiffs filed a first amended complaint. In count III of the first amended complaint, plaintiffs alleged defendant breached its fiduciary duty by releasing JPMorgan of liability for its trust administration. Plaintiffs alleged defendant, in contravention of its fiduciary duty, granted JPMorgan a blanket release of liability without seeking "a judicial accounting[ ] or investigating whether JPMorgan *** acted appropriately as Trustee." Further, Libby and Thomas allegedly signed the release of liability and the consent, approval, and release agreement without being informed of JPMorgan's breaches of fiduciary duty, which related to, among other things, JPMorgan's improper distribution of over $14 million in trust assets and investments and its loss of 8-9 years of trust

4

records. Plaintiffs alleged that, if the release of liability was enforceable, then defendant could be liable for the millions of dollars in damages caused by JPMorgan's administration of the Cullinan Trust.

¶ 9        On September 15, 2020, defendant filed a motion to dismiss plaintiffs' first amended complaint under section 2-619.1 of the Code. Initially, defendant argued that Grove, as co-trustee of the Mathers Trust, was the only plaintiff with standing in this case. Further, with respect to count III of plaintiffs' first amended complaint, defendant argued that, under the Illinois Trust Code (760 ILCS 3/101 *et seq.* (West 2020)), a successor trustee has no duty to inquire into the activities of a predecessor trustee and is not liable for any act of a predecessor trustee. Defendant also argued JPMorgan's release of liability and the consent, approval, and release agreement relieved defendant of liability. According to defendant, a review of those agreements demonstrates that defendant, when releasing JPMorgan of liability, was acting at the specific direction of Libby and Thomas. By signing those legal agreements, Libby and Thomas allegedly "led [defendant] reasonably to believe *** [they] w[ere] aware of the relevant information and rights." For these reasons, among others, defendant requested a dismissal of plaintiffs' first amended complaint.

¶ 10        On October 16, 2020, plaintiffs filed a response to defendant's motion to dismiss their first amended complaint. Plaintiffs argued that Grove and Thomas each had standing in this case. Grove, as co-successor trustee of the Cullinan Trust, arguably had standing because the trust assets remained in the Cullinan Trust and there was no timing requirement for the distribution of those assets into the Mathers Trust. Thomas, as sole noncontingent remainder beneficiary of the Cullinan Trust and sole beneficiary of the Mathers Trust, arguably had standing because the trust assets would eventually be distributed from the Cullinan Trust into the Mathers Trust.

¶ 11    Further, with respect to defendant's alleged breach of fiduciary duty, plaintiffs conceded that defendant ordinarily would not be liable for JPMorgan's acts or omissions as predecessor trustee of the Cullinan Trust. However, plaintiffs argued, after defendant blindly released JPMorgan of liability, "without any inquiry or determination of the impact on or the harm to the [Cullinan] Trust and the [Cullinan] Trust beneficiaries, or any attempt to determine whether a release was appropriate," defendant became liable for the damages caused to the Cullinan Trust by JPMorgan. In plaintiffs' view, the Illinois Trust Code did not absolve defendant of liability in this specific situation. At a minimum, plaintiffs maintained that the issue presented questions of fact that could not be resolved pursuant to defendant's motion to dismiss.

¶ 12    On February 3, 2021, the circuit court issued a ruling on defendant's motion to dismiss plaintiffs' first amended complaint. As an initial matter, the circuit court concluded the Mathers Trust, through Grove, as co-trustee, was "the sole proper plaintiff" with standing to raise each claim in this case. The circuit court dismissed all other plaintiffs from the lawsuit. In addition, the circuit court partially dismissed, with prejudice, the breach of fiduciary duty claim contained in count III of plaintiffs' first amended complaint.[1] The circuit court dismissed "any claim against *** [defendant] based upon the signing by *** [defendant] of the release of JPMorgan." The circuit court rejected plaintiffs' argument that "the mere signing of a release [wa]s a *per se* breach of fiduciary duty." The circuit court also rejected plaintiffs' argument that defendant,

_____

[1]The circuit court found that count III adequately pled a breach of fiduciary duty relating to defendant's administration of a generation-skipping portion of the Cullinan Trust, sale of stock, and distribution of principal during its tenure as successor trustee of the Cullinan Trust. The circuit court also held that count III of plaintiffs' first amended complaint was sufficient to overcome defendant's argument that plaintiffs' allegations were barred by a release of defendant's liability, executed upon defendant's removal as successor trustee of the Cullinan Trust on June 27, 2016, by Libby, Thomas, and others. The circuit court opined that those "allegations, when taken as true, are sufficient to raise questions of non-disclosure which could potentially invalidate the release" of defendant. For these reasons, the circuit court only partially granted defendant's motion to dismiss count III of plaintiffs' first amended complaint.

6

upon being named successor trustee, was required to investigate the predecessor trustees, including JPMorgan, and seek a judicial accounting of the Cullinan Trust.

¶ 13 When issuing this ruling, the circuit court also relied on "many of the same reasons the court [wa]s dismissing the [breach of fiduciary duty] counts" against other defendants, including JPMorgan. With respect to JPMorgan, the circuit court found plaintiffs "fail[ed] to allege sufficient facts of wrongdoing by JPMorgan as to render the *** release invalid." That release of liability, dated July 28, 2015, and signed by defendant and Libby, was enforceable and a bar to JPMorgan's liability. JPMorgan could overcome any presumption of fraud because the release of liability was supported by consideration, Libby was represented by counsel, and Libby knew of JPMorgan's trust distributions. The circuit court noted that Libby and Thomas "made affirmative statements in the various documents upon which the trustee could and apparently did rely."

¶ 14 On April 1, 2021, the circuit court found that, under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), there was no just reason to delay the enforcement or appeal of its February 3, 2021, order, "dismissing *** part of count III." Plaintiffs filed an appeal on April 30, 2021.[2]

¶ 15 <center>II. ANALYSIS</center>

¶ 16 In this appeal, plaintiffs argue that the circuit court erred by (1) finding plaintiff, Grove, as co-trustee of the Mathers Trust, was the only plaintiff with standing in this case and (2) partially dismissing the breach of fiduciary duty claim contained in count III of plaintiffs' first amended complaint. Plaintiffs seek a reversal of the circuit court's ruling and a remand for discovery on the question of whether defendant, as a result of its release of JPMorgan's liability, breached its fiduciary duty and is liable for the damages caused to the Cullinan Trust by JPMorgan.

---

[2]Plaintiffs did not appeal any of the findings relating to JPMorgan or the other defendants.

7

¶ 17                    A. Procedural Posture and Standard of Review

¶ 18          Defendant's motion to dismiss plaintiffs' first amended complaint was filed under section

2-619.1. Under that provision, "[m]otions with respect to pleadings under Section 2-615[ ] [and]

motions for involuntary dismissal or other relief under Section 2-619[ ] *** may be filed

together as a single motion in any combination." See 735 ILCS 5/2-619.1, 2-615, 2-619 (West

2020). That motion must be organized into parts specifying whether section 2-615 or section 2-

619 is the basis for the dismissal. *Id.* § 2-619.1.

¶ 19          With respect to count III of plaintiffs' first amended complaint, defendant's motion to

dismiss invoked section 2-619, which enumerates specific grounds upon which a defendant may

"file a motion for dismissal *** or for other appropriate relief." *Id.* § 2-619(a). The specifically

enumerated grounds for dismissal include the lack of a legal capacity to sue and the presence of

an affirmative matter that avoids the legal effect of or defeats the plaintiff's claim. See *id.* § 2-

619(a)(2), (9). When ruling on a section 2-619 motion to dismiss, the circuit court interprets the

pleadings and supporting documents in the light most favorable to the nonmoving party. *Van

Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003) (citing *In re Chicago Flood

Litigation*, 176 Ill. 2d 179, 189 (1997)).

¶ 20          Under section 2-619(a)(9), an "affirmative matter" is "something in the nature of a

defense which negates the cause of action completely." (Internal quotation marks omitted.) See

*id.* at 367; 735 ILCS 5/2-619(a)(9) (West 2020). The moving party admits the legal sufficiency

of the complaint but asserts an affirmative defense or other matter that defeats the plaintiff's

claim. *Van Meter*, 207 Ill. 2d at 367 (citing *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*,

156 Ill. 2d 112, 115 (1993)). If the "affirmative matter" does not appear on the face of the

complaint, then the motion to dismiss must be supported by affidavits or other evidentiary

materials. *Id.* at 377 (citing *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997), and *Kedzie*, 156 Ill. 2d at 116).

¶ 21    Once the defendant satisfies its initial burden under section 2-619(a)(9), the burden shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact. *Id.* (citing *Epstein*, 178 Ill. 2d at 383). If the circuit court finds that the plaintiff has failed to carry the shifted burden, then the motion to dismiss may be granted under section 2-619. *Id.* (citing *Epstein*, 178 Ill. 2d at 383). On review, our court considers whether a genuine issue of material fact precludes a dismissal or, absent a genuine issue of material fact, whether a dismissal is warranted as a matter of law. *Id.* at 377-78 (citing *Epstein*, 178 Ill. 2d at 383). Our court's review of a section 2-619 dismissal is *de novo*. *Id.* at 368, 377.

¶ 22                                          B. Standing of Plaintiffs

¶ 23    Initially, we conclude that, contrary to defendant's position on appeal, the circuit court's Rule 304(a) finding encompassed the standing issue for purposes of the partial dismissal of count III of plaintiffs' first amended complaint. When resolving that issue on February 3, 2021, the circuit court stated, "[t]his [ruling] applies to all counts." As such, the standing issue was inherent in the Rule 304(a) finding, which applied to the portion of that order "dismissing *** part of count III."

¶ 24    On the merits of the standing issue, we note that if "the trust is to continue only until the expiration of a certain period," including for the duration of a life, then "the trust will be terminated upon the expiration of th[at] period." See Restatement (Second) of Trusts § 334 (1959). However, a trust will not terminate "if at that time the purposes of the trust have not been accomplished[ ] and if the settlor manifested an intention that the trust should continue until the accomplishment of the purposes of the trust." Restatement (Second) of Trusts § 334, cmt. a

9

(1959); accord *Breen v. Breen*, 411 Ill. 206, 210 (1952) (citing Restatement of Trusts § 334, cmt. a (1935)); *Brown v. Ryan*, 338 Ill. App. 3d 864, 876 (2003).

¶ 25        Similarly, when the time for the termination of the trust arrives, "the trustee has such powers and duties as are appropriate for the winding up of the trust." Restatement (Second) of Trusts § 344 (1959); accord *Breen*, 411 Ill. at 211 (citing Restatement of Trusts § 344, cmt. a (1935)); *Brown*, 338 Ill. App. 3d at 876 (finding, "under Illinois law, a trust continues beyond termination until it is finally wound up"); *Chicago Title & Trust Co. v. Steinitz*, 288 Ill. App. 3d 926, 933 (1997). A trust is "wound up" by a trustee "after the time for [the] termination of the trust has arrived and before the trust is terminated by the distribution of the trust property." Restatement (Second) of Trusts § 344, cmt. a (1959); accord *Breen*, 411 Ill. at 211 (citing Restatement of Trusts § 344, cmt. a (1935)). During that period, the trustee does not cease to be trustee but continues as trustee until the "winding up" is complete. Restatement (Second) of Trusts § 344, cmt. a (1959); accord *Breen*, 411 Ill. at 211 (citing Restatement of Trusts § 344, cmt. a (1935)). As a result, during the "winding up" period, the trustee remains the legal title holder of the trust property and is a "necessary part[y] to actions involving [the] trust property." See *In re Estate of Adames*, 2020 IL App (1st) 190573, ¶¶ 59, 70.

¶ 26        From these authorities, we conclude that Grove, as co-successor trustee of the Cullinan Trust, has standing to assert the dismissed portion of count III of plaintiffs' first amended complaint. Under its terms, the Cullinan Trust terminated upon Libby's death on December 14, 2019. However, at that time, the purposes of the trust—*i.e.*, the distribution of the trust assets according to Libby's will—were not accomplished as intended by Mary under the terms of the Cullinan Trust. See Restatement (Second) of Trusts § 334, cmt. a (1959); accord *Breen*, 411 Ill. at 210 (citing Restatement of Trusts § 334, cmt. a (1935)); *Brown*, 338 Ill. App. 3d at 876.

10

¶ 27    Even if this were not the case, though, Grove had the power and duty to wind up the Cullinan Trust after its termination upon Libby's death. See Restatement (Second) of Trusts § 344 (1959); accord *Breen*, 411 Ill. at 211 (citing Restatement of Trusts § 344, cmt. a (1935)); *Brown*, 338 Ill. App. 3d at 876; *Steinitz*, 288 Ill. App. 3d at 933. We emphasize that plaintiffs initiated this litigation on December 30, 2019, which was a mere 16 days after Libby's death. Put another way, plaintiffs initiated this litigation during the "winding up" period. As such, Grove remains co-successor trustee of the Cullinan Trust. See Restatement (Second) of Trusts § 344, cmt. a (1959); accord *Breen*, 411 Ill. at 211 (citing Restatement of Trusts § 344, cmt. a (1935)). As co-successor trustee of the Cullinan Trust, Grove also remains the legal title holder of the Cullinan Trust assets and a necessary party to this litigation. See *Adames*, 2020 IL App (1st) 190573, ¶¶ 59, 70. Therefore, Grove, as co-successor trustee of the Cullinan Trust, has standing to assert the dismissed portion of count III of plaintiffs' first amended complaint.

¶ 28    Further, in relation to the standing of Thomas, as a beneficiary of the Cullinan Trust and the Mathers Trust, we note that the trustee of a trust, and not the beneficiary of a trust, must usually maintain an action against a third party. See Restatement (Second) of Trusts § 282 (1959); *Ready v. Ready*, 33 Ill. App. 2d 145, 152 (1961). Section 282(1) of the Restatement provides that "[w]here the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person."[3] Restatement (Second) of Trusts § 282(1) (1959).

_____

[3]There are two exceptions to this rule, neither of which is applicable in this case. See Restatement (Second) of Trusts § 282 (1959).

11

¶ 29　　　　Importantly, section 282 of the Restatement has been applied under circumstances similar to those presented in this case. See *Axelrod v. Giambalvo*, 129 Ill. App. 3d 512 (1984). In *Axelrod*, the plaintiffs filed charges of a derivative nature against the individual defendants based on their former status as trustees of a trust. *Id.* at 514, 516. The First District found that the circuit court's ultimate decision to strike or dismiss certain counts contained in the plaintiffs' second amended complaint could be affirmed on the ground that the plaintiffs no longer had standing to represent the trust in a derivative action. *Id.* at 515-16, 518. The First District reasoned that, under the trust agreement and section 282 of the Restatement, the individual defendants were no longer in office and instead "stood as such third persons in their relationship to the Trust." *Id.* at 518-19. As a result, the current successor trustees of the trust, rather than the plaintiffs as beneficiaries of the trust, had standing to maintain or terminate the lawsuit for the trust. See *id.* at 518-20.

¶ 30　　　　Here, Thomas is a beneficiary of the Cullinan Trust and the Mathers Trust. Defendant, as former successor trustee of the Cullinan Trust, is a third party to each trust. As a result, Thomas lacks standing to assert the dismissed portion of count III of plaintiffs' first amended complaint. See Restatement (Second) of Trusts § 282 (1959); *Axelrod*, 129 Ill. App. 3d at 515-16, 518-20.

¶ 31　　　　For these reasons, the circuit court correctly found that Grove, as co-successor trustee of the Mathers Trust, has standing. The circuit court also correctly found that Thomas, as a beneficiary of the Cullinan Trust and the Mathers Trust, lacks standing. However, the circuit court erred by finding that Grove, as co-successor trustee of the Cullinan Trust, lacks standing. On that finding, the circuit court is reversed, and Grove, as co-successor trustee of the Cullinan Trust, is reinstated as a party to the dismissed portion of count III of plaintiffs' first amended complaint.

¶ 32             C. Partial Dismissal of Plaintiffs' Breach of Fiduciary Duty Claim

¶ 33             Next, plaintiffs argue that defendant breached its fiduciary duty by releasing JPMorgan of liability before it knew and understood the conduct it was releasing, ensured that the release did no harm to the Cullinan Trust or to Libby and Thomas, and confirmed that Libby and Thomas were informed of the conduct being released and the resulting consequences of a release. In response, defendant argues its liability for an alleged breach of fiduciary duty is barred by the terms of the Cullinan Trust and the Illinois Trust Code. Defendant also argues the release of liability and the consent, approval, and release agreement bar its liability in this case.

¶ 34             At the outset, we reject the arguments of defendant. Under the terms of the Cullinan Trust, defendant did not have "any responsibility for any act or default of" JPMorgan or "any notice of or responsibility to inquire about" JPMorgan's trust administration. Defendant could accept JPMorgan's records "as conclusive of the proper amount, nature and allocation of the trust estate." Likewise, under section 812(b) of the Illinois Trust Code, defendant was "under no duty to inquire into the acts or doings of" JPMorgan and was "not liable for any act or failure to act of" that predecessor trustee.[4] See 760 ILCS 3/812(b) (West 2020). With the approval of a majority of the beneficiaries entitled to receive or eligible to have the benefit of the trust income,

_____

[4]Throughout this litigation and now on appeal, the parties have relied on the Trusts and Trustees Act, which was repealed over a year before the circuit court's February 3, 2021, decision in this case. See 760 ILCS 5/1 *et seq.* (West 2018) (repealed by Pub. Act 101-48, § 1505 (eff. Jan. 1, 2020)). However, the Illinois Trust Code "applies to judicial proceedings concerning trusts commenced before its effective date unless the court finds that application of a particular provision of this [Illinois Trust] Code would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of this [Illinois Trust] Code does not apply and the superseded law applies." 760 ILCS 3/1506(4) (West 2020). No such finding was made by the circuit court in this case. See *id.* Further, the provisions of the Trusts and Trustees Act cited by the parties are substantially the same as those provisions now contained in the Illinois Trust Code. Compare 760 ILCS 5/14 (West 2018) (repealed by Pub. Act 101-48, § 1505 (eff. Jan. 1, 2020)), with 760 ILCS 3/812 (West 2020). Therefore, in this appeal, we rely only on the Illinois Trust Code.

13

defendant could "accept the account rendered by, and the property received from," JPMorgan "as a full and complete discharge of" JPMorgan "without incurring any liability." See *id.* § 812(c).

¶ 35     However, the conduct alleged by plaintiffs in the dismissed portion of count III of their first amended complaint is distinguishable from the conduct for which defendant is free from liability under the terms of the Cullinan Trust, the Illinois Trust Code, the release of liability, and the consent, approval, and release agreement. For one thing, defendant's act of releasing JPMorgan's liability, in transactions with Libby and Thomas as beneficiaries, was independent of any act or omission of JPMorgan. As such, plaintiffs are not claiming that defendant is liable for an act or omission of JPMorgan as a predecessor trustee of the Cullinan Trust. Rather, plaintiffs are claiming defendant is liable for a breach of fiduciary duty stemming from its independent acts or omissions when releasing JPMorgan of liability in the transactions with Libby and Thomas. See *Dick v. Peoples Mid-Illinois Corp.*, 242 Ill. App. 3d 297, 304 (1993) (stating, in the context of a breach of trust, a successor trustee is not liable for breaches of trust committed by a predecessor trustee unless the successor trustee and the predecessor trustee are each guilty of a violation of duty to the beneficiaries, which may be the case where the successor trustee "neglects to take proper steps to compel his predecessor [trustee] to redress a breach of trust").

¶ 36     Moreover, in light of plaintiffs' allegations, defendant was not relieved of all obligations to inquire into and review JPMorgan's prior trust administration or the accounts accepted as a discharge of JPMorgan. Neither the terms of the Cullinan Trust nor the provisions of the Illinois Trust Code, relating to such obligations, contemplate blanket releases of liability that entirely foreclose a predecessor trustee and a successor trustee's liability for a prior trust administration. See 760 ILCS 3/812(b), (c) (West 2020). To the contrary, under the Illinois Trust Code, "[a]ny

14

liability of a resigning trustee *** is not discharged or affected by the trustee's resignation." See *id.* § 705(c). Therefore, JPMorgan would not have been released of liability but for the independent act of defendant. See *id.* The concerns surrounding such a release of liability—especially in a case of allegedly improper distributions, investments, and recordkeeping by a predecessor trustee—are obvious and necessarily invoke a trustee's fiduciary duties.

¶ 37　　　　To succeed on a breach of fiduciary duty claim, a plaintiff must plead and prove (1) a fiduciary duty was owed by the defendant, (2) the defendant breached its fiduciary duty, (3) the plaintiff suffered damages, and (4) the defendant's breach of fiduciary duty proximately caused those damages. *Gearhart v. Gearhart*, 2020 IL App (1st) 190042, ¶ 144 (citing *Herlehy v. Marie V. Bistersky Trust*, 407 Ill. App. 3d 878, 896 (2010)). Whether a defendant breached its fiduciary duty is a question of fact. See *Indeck Energy Services, Inc. v. DePodesta*, 2021 IL 125733, ¶ 56 (citing *Thompson v. Gordon*, 241 Ill. 2d 428, 438-39 (2011)). Moreover, it is within the circuit court's equitable discretion to decide the proper remedy for a breach of fiduciary duty. See *id.* ¶ 58 (citing *Tully v. McLean*, 409 Ill. App. 3d 659, 681 (2011)).

¶ 38　　　　A trustee owes a fiduciary duty to a trust's beneficiary. *Gearhart*, 2020 IL App (1st) 190042, ¶ 144; accord *Hawkins v. Voss*, 2015 IL App (5th) 140001, ¶¶ 31, 33, 43. Therefore, the trustee must "administer the trust in good faith, in accordance with its purposes and the terms of the trust, and in accordance with this [Illinois Trust] Code." 760 ILCS 3/801 (West 2020); see also *Adames*, 2020 IL App (1st) 190573, ¶ 59; *NC Illinois Trust Co. v. First Illini Bancorp, Inc.*, 323 Ill. App. 3d 254, 262 (2001); *Gearhart*, 2020 IL App (1st) 190042, ¶ 144; *Hawkins*, 2015 IL App (5th) 140001, ¶ 31. Good faith requires honesty, a most sensitive degree of honor, and undivided loyalty. See *Laubner v. JP Morgan Chase Bank, N.A.*, 386 Ill. App. 3d 457, 463-64 (2008). Regardless of good faith, a trustee must be mindful of and act consistently with a

15

beneficiary's interests. See *Carter v. Carter*, 2012 IL App (1st) 110855, ¶ 29 (quoting *Faville v. Burns*, 2011 IL App (1st) 110335, ¶ 35); accord *Laubner*, 386 Ill. App. 3d at 463-64.

¶ 39    Indeed, the trustee must adhere to a duty of loyalty and engage in a prudent trust administration. See 760 ILCS 3/802, 804 (West 2020). The duty of loyalty requires the trustee to serve the beneficiary's interests "with complete loyalty, excluding all self-interest." *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006 (2010) (citing *Collins v. Nugent*, 110 Ill. App. 3d 1026, 1036 (1982)); see also *Faville*, 2011 IL App (1st) 110335, ¶ 40. This duty of loyalty is more intense than in other fiduciary relationships. See *Janowiak*, 402 Ill. App. 3d at 1008-09. Further, the trustee must "administer the trust as a prudent person would, by considering the purposes, terms, distribution requirements[ ] and other circumstances of the trust." 760 ILCS 3/804 (West 2020); see also *Adames*, 2020 IL App (1st) 190573, ¶ 59 ("The 'care and prudence to be exercised *** are those which ordinary men would exercise *** in dealing with their own affairs.' " (quoting *Harris Trust & Savings Bank v. Wanner*, 393 Ill. 598, 606 (1946))).

¶ 40    Relevantly, all transactions arising out of a fiduciary relationship, including a release of liability between a trustee and a beneficiary, are "subject to the closest scrutiny." See *Janowiak*, 402 Ill. App. 3d at 1006 (citing *McCormick v. McCormick*, 118 Ill. App. 3d 455, 466 (1983)). Such a transaction between a trustee and a beneficiary is not prohibited; however, a presumption of fraud or undue influence arises if the trustee has benefitted in the transaction from its fiduciary status. See *id.* at 1005, 1006-07 (citing *In re Estate of Miller*, 334 Ill. App. 3d 692, 698 (2002), and *Home Federal Savings & Loan Ass'n of Chicago v. Zarkin*, 89 Ill. 2d 232, 245-46 (1982)); *In re Estate of DeJarnette*, 286 Ill. App. 3d 1082, 1088 (1997).

¶ 41    To rebut this presumption, the trustee must present clear and convincing evidence that it exercised good faith and did not betray the beneficiary's confidence. See *DeJarnette*, 286 Ill.

16

App. 3d at 1088; accord *Spring Valley Nursing Center, L.P. v. Allen*, 2012 IL App (3d) 110915, ¶ 13. Put another way, the trustee must demonstrate by clear and convincing evidence that the transaction was fair, equitable, and not the result of undue influence. See *DeJarnette*, 286 Ill. App. 3d at 1091 (citing *Deason v. Gutzler*, 251 Ill. App. 3d 630, 637 (1993)); *Janowiak*, 402 Ill. App. 3d at 1005, 1006-07. Factors for determining if the trustee can meet this burden include whether (1) the trustee made free and frank disclosures of information to the beneficiary, (2) the transaction was supported by adequate consideration, and (3) the beneficiary received competent and independent advice. See *DeJarnette*, 286 Ill. App. 3d at 1088 (citing *Rizzo v. Rizzo*, 3 Ill. 2d 291, 304-05 (1954), and *Franciscan Sisters Health Care Corp. v. Dean*, 95 Ill. 2d 452, 464 (1983)); *Janowiak*, 402 Ill. App. 3d at 1007 (citing *Collins*, 110 Ill. App. 3d at 1038). Importantly, our supreme court has found a beneficiary can consent to a transaction, which the trustee's duty of loyalty would otherwise bar, if the consent was voluntarily, given after full disclosure of the facts, and there was no overreach by the trustee. See *Zarkin*, 89 Ill. 2d at 246.

¶ 42    Here, we conclude that genuine issues of material fact precluded the partial dismissal of count III of the first amended complaint. See *Van Meter*, 207 Ill. 2d at 377-78 (citing *Epstein*, 178 Ill. 2d at 383); *Janowiak*, 402 Ill. App. 3d at 1013 (holding, "because of all the disputed fact issues concerning the release and defendant's alleged *** breach of his fiduciary duties in obtaining the release, dismissal on the basis of the release was improper" under section 2-619). Whether defendant breached its fiduciary duty is a question of fact that depends on its conduct and knowledge before the execution of the release of liability and the consent, approval, and release agreement with Libby and Thomas. See *DePodesta*, 2021 IL 125733, ¶ 56. Defendant must rebut a presumption of fraud or undue influence with clear and convincing evidence that it acted in good faith and did not betray Libby and Thomas's confidence when executing those

17

agreements. See *DeJarnette*, 286 Ill. App. 3d at 1088; *Allen*, 2012 IL App (3d) 110915, ¶ 13. To meet its burden, defendant must show the transactions with Libby and Thomas were fair, equitable, and not the result of undue influence. See *DeJarnette*, 286 Ill. App. 3d at 1091; *Janowiak*, 402 Ill. App. 3d at 1005, 1006-07. Crucial to this showing is defendant's ability to demonstrate that it made free and frank disclosures of information to Libby and Thomas, the transactions were supported by adequate consideration, and Libby and Thomas received both competent and independent advice. See *DeJarnette*, 286 Ill. App. 3d at 1088; *Janowiak*, 402 Ill. App. 3d at 1007.

¶ 43        Further, in light of the allegations in this case, we conclude that defendant is required to show it exercised due diligence in acquiring the information necessary to make free and frank disclosures to Libby and Thomas. Such a requirement comports with a trustee's obligation to engage in a prudent trust administration and to be mindful of and act consistently with a beneficiary's interests. See 760 ILCS 3/804 (West 2020); *Adames*, 2020 IL App (1st) 190573, ¶ 59; *Carter*, 2012 IL App (1st) 110855, ¶ 29; *Laubner*, 386 Ill. App. 3d at 463-64. Absent such a requirement, defendant's free and frank disclosures of information would be of little value to Libby and Thomas. Defendant's ability to meet its burden of proof under the above-stated authorities will determine whether defendant breached its fiduciary duty in this case.

¶ 44                                    III. CONCLUSION

¶ 45        The judgment of the circuit court of Peoria County is affirmed in part and reversed in part.

¶ 46        Affirmed in part and reversed in part.

¶ 47        Cause remanded.

18

**No. 3-21-0177**

| | |
|---|---|
| **Cite as:** | *Grove v. Morton Community Bank*, 2022 IL App (3d) 210177 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 19-CH-484; the Hon. David A. Brown, Judge, presiding. |
| **Attorneys for Appellant:** | Timothy J. Cassidy, of Cassidy & Mueller P.C., of Peoria, and Kevin D. Evans, of Evans Law PLLC, of Greenwood Village, Colorado, for appellants. |
| **Attorneys for Appellee:** | Timothy D. Gronewold, Jeffrey G. Sorenson, and Noah A. Menold, of Howard & Howard Attorneys PLLC, of Peoria, for appellee. |